**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KEITH HOWARD GEORGE,** : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-09-1202** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **PENNSYLVANIA DEPARTMENT of** : | |
| **CORRECTIONS, et al.,** : | |
| **Defendants** : | |

**M E M O R A N D U M**

**I.   Introduction**

Plaintiff, Keith Howard George, a prisoner incarcerated at the Dallas State Correctional Institution (SCI-Dallas), in Dallas, Pennsylvania, filed a pro se civil rights action on June 24, 2009, alleging various prison staff members were deliberately indifferent to his serious medical needs and violated his rights under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, *et seq*., when they failed to grant him a permanent single cell status due to his medical disability, Benign Muscular Fasciculation Syndrome.[1]  (Doc. 1, Compl.)  On March 11, 2010, the Court granted the Dr. Bohinski's and the correction defendants' motions to dismiss due to Mr. George's failure to state a claim against either set of defendants.  (Doc. 21, Order.)    Plaintiff, however, was granted leave to file an amended complaint.  *Id*.

---

[1] Named as defendants were: the Pennsylvania Department of Corrections (DOC); Superintendent Michael Klopotaski, Robin Lucas, Laurie Samulesich, Deputy Superintendent Walsh, Dorina Varner and Dr. Stanley Bohinski.

Mr. George filed an Amended Complaint on March 22, 2010, naming the following DOC employees as defendants: Robin Lucas; Laurie Samulesich and Dorina Varner. (Doc. 22, Am. Compl.) The DOC defendants filed a Motion to Dismiss the Amended Complaint on April 6, 2010, and a supporting brief on April 16, 2010. The time for Mr. George to file a response to the defendants' motion to dismiss has passed without him filing an opposition brief or seeking an enlargement of time to do so.

For the reasons set forth below the defendants' motion to dismiss will be granted and the Amended Complaint dismissed with prejudice.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), to survive a motions to dismiss a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570,

127 S.Ct. 1955 at 1974. "[M]ore than labels and conclusions" are required. *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65. Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Id*. at __, 129 S.Ct. at 1950. "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

In resolving the motion to dismiss, the Court conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. *Id*. at 210 -11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a " 'plausible claim for relief' " *Id*. at 211 (quoted case omitted). In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *Phillips,* 515 F.3d at 234 - 235.

Finally, we note that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not

seek leave to amend, unless such an amendment would be inequitable or futile.
See *Phillips*, 515 F.3d at 245 - 246 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### III. Background

In his Amended Complaint, Mr. George alleges that Robin Lucas, in her official position as a reviewer of an administrative grievance, "failed to correct or overturn proven claims of deliberate indifference to 'medical disability' ... single cell (Z-Code) accommodation was denied."  (Doc. 22 at CM/ECF pp. 2-3.)[2]  His claim against Dorina Varner, the "final administrative review person" in the DOC's administrative grievance process, is identical to that asserted against Robin Lucas.  *Id*. at p. 3.  Finally, Mr. George asserts that Laurie Samulesich, in her official capacity as records clerk, "failed to supply Plaintiff with documents requested, thus, hindering [his] ability to bring this matter to the Court."  *Id*. at p. 3.

Mr. George did not file a brief in opposition to defendants' motion to dismiss.

---

[2] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

**III. Discussion**

*A. Lack of Personal Involvement of Lucas and Varner.*

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the event or occurrences upon which plaintiff's claims are based. *Id*. The Third Circuit Court of Appeals requires a defendant's contemporaneous, personal knowledge and acquiescence, in order to establish personal knowledge. After the fact knowledge will not suffice. Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement. *See Id.* at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Winn v. Dep't of Corrections*, 340 F. App'x 757 (3d Cir. 2009)(same); *Pressley v. Beard*, 266 F. App'x. 216 (3d Cir. 2008)(same); and *Brooks v. Beard*, 167 Fed. Appx. 923, 925 (3d Cir. 2006) (nonprecedential) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct).

Mr. George contends that because Lucas and Varner reviewed and denied his grievances challenging an unknown SCI-Dallas employee and/or medical official's decision to deny him single cell status, they are personally involved in violating his Eighth Amendment rights. However, neither Lucas nor Varner are

-5-

alleged to have directly participated in any medical or administrative decision to deny him permanent single cell status.  It is clear that defendants Lucas and Varner were not personally involved in the underlying alleged unconstitutional conduct and their review of Mr. George's grievances is insufficient to establish personal involvement.  Consequently, "Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, investigated, or that the grievance process is inadequate." *Owens-Ali v. Pennell*, No. 09-556, 2009 WL 4547059, *5 (D. Del. Dec. 04, 2009).  Accordingly, Mr. George's claims against Lucas and Varner are subject to dismissal for failure to state a claim.  Additionally, as Mr. George has already been given one opportunity to amend his complaint as to these defendants, and advised he was required to allege their personal involvement in the alleged wrong doing outside of their denial of his grievances (doc. 21), and has failed to do so in his Amended Complaint, his claims against Varner and Lucas will be dismissed with prejudice.

*B.    Failure to Assert an Access to Courts claim against Samulevich.*

Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177, 135 L.Ed.2d 606 (1996); *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).  However, a prisoner making an access-to0courts claim is required to show the denial of access caused actual injury.  *Lewis*, 518 U.S.  at 352-54, 116 S.Ct. at 2180-81.   When an inmate does not allege an actual injury to his ability to litigate a claim, his constitutional right of access to the

-6-

courts has not been violated.  *Id*.  An actual injury is shown only where a nonfrivolous, arguable claim is lost.  See *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 2186-2187, 153 L.Ed.2d 413 (2002).

Mr. George asserts that Laurie Samulesich, in her official capacity as a records clerk, "failed to supply Plaintiff with documents requested, thus, hindering [his] ability to bring this matter to the Court."  *Id*. at p. 3.  This claim fails because Plaintiff does not allege what documents was withheld by Samulesich or how it would have affected his ability to bring his present action.  Our finding is underscored by the fact that Mr. George was able to file a complaint, and amended complaint, as to his claim that his medical condition dictates his placement in a single cell and that prison officials' failure to place him in a single cell violates his Eighth Amendment rights.  His original complaint, and amended complaint, are subject to dismissal for failure to state a claim, and not based on documents or findings outside of his pleadings.  As such, the Court will not permit Mr. George to amend his access-to-courts claim against Samulesich.

An appropriate order follows.

                                      **/s/ A. Richard Caputo**
                                      **A. RICHARD CAPUTO**
                                      **United States District Judge**

**Date: November 9th , 2010**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KEITH HOWARD GEORGE,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-09-1202** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **PENNSYLVANIA DEPARTMENT of** : | |
| **CORRECTIONS, et al.,** : | |
| : | |
| **Defendants** : | |

# O R D E R

**AND NOW**, this **9th** day of **NOVEMBER, 2010**, for the reasons set forth in the accompanying Memorandum, it is ordered that Mr. George's Amended Complaint (doc. 22) is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state claim upon which relief may be granted.

                                                **/s/ A. Richard Caputo**
                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**